UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>BRADLEY GENE WARD,<br><br>           Defendant. | No. 2:15-cr-00131-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Bradley Gene Ward's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 484.) The Government filed an opposition. (ECF No. 487.) Defendant did not file a reply.[1]  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

---

[1] Pursuant to the Local Rules, Defendant's reply was due three days following service of the opposition. E.D. Cal. L.R. 430.1(e). On October 13, 2020, Defendant requested an extension of time to file a reply. (ECF No. 501.) The Court granted Defendant's request and ordered him to file his reply not later than October 28, 2020. (ECF No. 502.) As of the date of this Order, Defendant has not filed a reply.

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2017, Defendant pleaded guilty to conspiracy to possess with intent to distribute at least one kilogram of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF No. 308.)  On January 31, 2019, the Court sentenced Defendant to a 200-month term of imprisonment followed by a 60-month term of supervised release.  (ECF No. 429.)  Defendant is currently serving his sentence at USP Lompoc.  He has served approximately 64 months of his 200-month sentence of imprisonment and his projected release date with good conduct time is November 13, 2029.

On September 21, 2020, Defendant filed the instant *pro se* motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 484.)  Defendant requests the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic.  (*Id.* at 4.)  Defendant is 42 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions, including respiratory problems, decreased immune system function, and chronic hepatitis C.  (*Id.* at 9.)  Defendant cites the conditions of his confinement at FCI Lompoc as an additional factor in his vulnerability.  (*Id.* at 10.)  In opposition, the Government argues the Court should deny Defendant's motion because Defendant has not shown extraordinary and compelling reasons for his release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

**II.    ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

1    In the instant case, it is undisputed that Defendant has met the threshold exhaustion
2    requirement. Defendant filed a request on May 23, 2020, and the warden denied Defendant's
3    request on May 26, 2020. (ECF No. 484 at 24.) Because more than 30 days have elapsed since
4    Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. §
5    3582(c)(1)(A).
6    Despite having met the exhaustion requirement, Defendant is eligible for compassionate
7    release only if he can demonstrate there are "extraordinary and compelling reasons" for a
8    sentence reduction and such a reduction is "consistent with applicable policy statements issued by
9    the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
10   The Sentencing Commission's relevant policy statement on compassionate release
11   identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
12   U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling"
13   requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering
14   from a serious physical or medical condition, serious functional or cognitive impairment, or
15   deteriorating physical or mental health because of the aging process, "that substantially
16   diminishes the ability of the defendant to provide self-care within the environment of a
17   correctional facility and from which he or she is not expected to recover." *Id.*
18   The Government correctly points out that Defendant has not provided any medical records
19   to verify that he suffers from respiratory problems, decreased immune system function, or chronic
20   hepatitis C. Defendant only provides a signed declaration from himself and a signed letter from
21   his mother stating that he was in a car accident in November 2008, which resulted in a collapsed
22   lung and spleen removal. (ECF No. 484 at 26–27.) Defendant's BOP medical records — filed
23   under seal by the Government — do not corroborate Defendant's claims. While the presentence
24   report ("PSR") mentions Defendant was in a serious car accident in 2008 and became addicted to
25   opiate pain medications thereafter, it does not indicate Defendant suffered any specific, long-term
26   injuries as a result of the car accident. In fact, the only physical condition Defendant reported in
27   the PSR was a degenerative disc in his back that was diagnosed in 2006, prior to the car accident.
28   Given that Defendant has not provided evidence as to the existence or severity of his claimed

medical conditions — and also that Defendant's medical records and the PSR seem to contradict his claims — Defendant has not met his burden to show that he actually suffers from a serious medical condition that makes him more vulnerable to COVID-19.  Finally, it bears mentioning that the BOP currently reports zero active cases of COVID-19 at USP Lompoc.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court denies Defendant's request for compassionate release because Defendant has not shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors. *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 484.)

IT IS SO ORDERED.

DATED: November 9, 2020

Troy L. Nunley
United States District Judge