UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY GENE WARD,<br><br>Defendant. | No. 2:15-cr-00131-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Bradley Gene Ward's ("Defendant") Motion for Reconsideration of the Court's Denial of Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 506.) The Government has not filed an opposition. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2017, Defendant pleaded guilty to conspiracy to possess with intent to distribute at least one kilogram of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 308.) On January 31, 2019, the Court sentenced Defendant to a 200-month term of imprisonment followed by a 60-month term of supervised release. (ECF No. 429.) Defendant is currently serving his sentence at USP Lompoc. He has served approximately 65 months of his 200-month sentence of imprisonment and his projected release date with good conduct time is November 13, 2029.

On September 21, 2020, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 484.) Defendant requested the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic. (*Id.* at 4.) Defendant is 42 years old and claimed he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions, including respiratory problems, decreased immune system function, and chronic hepatitis C. (*Id.* at 9.) Defendant cited the conditions of his confinement as an additional factor in his vulnerability. (*Id.* at 10.) In opposition, the Government argued the Court should deny Defendant's motion because Defendant has not shown extraordinary and compelling reasons for his release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. The Government served its opposition by mail on October 1, 2020. (ECF No. 491.) Pursuant to the Court's Local Rules, Defendant's reply was due three days following service of the opposition. E.D. Cal. L.R. 430.1(e). On October 13, 2020, Defendant requested an extension of time to file a reply. (ECF No. 501.) Due to Defendant's status of imprisonment, the Court granted Defendant's request and ordered him to file his reply, if any, not later than October 28, 2020. (ECF No. 502.)

As of November 9, 2020, Defendant had not filed a reply. Accordingly, the Court denied Defendant's motion because he has not provided sufficient evidence that he suffers from his claimed medical conditions. (ECF No. 505 at 3–4.) The Court also noted that the presentence report ("PSR") and Bureau of Prisons ("BOP") medical records submitted by the Government did not corroborate Defendant's claims. (*Id.*) Defendant filed the instant motion for reconsideration on December 3, 2020. (ECF No. 506.)

**II.   STANDARD OF LAW**

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for

reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III.    ANALYSIS

In moving the Court to reconsider its denial of compassionate release, Defendant argues he sent his reply brief via prison mail on October 26, 2020, which was two days prior to the Court's extended deadline for filing a reply.  (ECF No. 506 at 1.)  Defendant also submits two copies of his reply brief, one of which includes a signed certificate of service dated October 26, 2020.  (*See* ECF No. 507; *see also* ECF No. 508 at 32.)  It is unclear why the Court did not receive Defendant's initial reply brief until December 7, 2020.  (ECF No. 508.)  Even if the Court were to consider the reply brief, however, it does not cure the deficiencies previously cited by the Court.  Defendant still has not provided medical records to verify that he suffers from respiratory problems or decreased immune system function.  Defendant filed evidence that he requested chest imaging in May 2019 due to his long-term tobacco use, but he did not provide any test results.  (ECF No. 508 at 21.)  He also filed evidence that his spleen was lacerated in 2008, but there are no details about any long-term effects of that injury.  (*Id.* at 22.)

Even assuming Defendant could show extraordinary and compelling reasons for his release, the Court would nonetheless deny Defendant's motion based on the danger he poses to the community and the § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release); *see also* U.S.S.G. § 1B1.13(2) (a defendant must show he is not "a danger to the safety of any other person or to the community" to be granted compassionate release).

As to the danger Defendant poses to the community, a search of Defendant's residence prior to his arrest for drug trafficking revealed a large amount of drugs, a loaded 9mm pistol, and over 200 rounds of ammunition.  Defendant argues that possession of a firearm is not a violent crime and he has no history of violence.  However, the Court finds Defendant poses a danger to

the community based on the circumstances of the offense, his pattern of criminal activity, and his disciplinary history in prison.

As to the § 3553(a) factors, Defendant has only served approximately 65 months of his 200-month term of imprisonment. The applicable guidelines range at sentencing was 235–293 months of imprisonment. As such, Defendant is seeking a reduction from a below-guidelines, 200-month sentence to a 65-month sentence. Defendant fails to persuade the Court that the § 3553(a) factors support such a low sentence, and the Court declines to drastically reduce Defendant's well-supported, below-guidelines, 200-month sentence of imprisonment.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration. (ECF No. 506.)

IT IS SO ORDERED.

DATED: December 17, 2020

Troy L. Nunley
United States District Judge