UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRADLEY GENE WARD,<br><br>　　　　　Defendant. | No. 2:15-cr-00131-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Bradley Gene Ward's ("Defendant") Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 517.) The Federal Defender's Office notified the Court it would not assume representation of Defendant in this matter. (ECF No. 519.) The Government filed an opposition. (ECF No. 520.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On November 16, 2017, Defendant pleaded guilty to conspiracy to possess with intent to distribute at least one kilogram of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF Nos. 308, 314.) In the presentence report ("PSR"), the probation officer found a total offense level of 33 and a criminal history category of VI based on a criminal history score of 23. (ECF No. 418 at 7, 12.) Defendant's criminal history score was calculated by assigning 21 points based on prior criminal convictions and two "status points" under the prior version of U.S.S.G. § 4A1.1(d). (*Id.* at 12.) At sentencing, the Court adopted the

PSR in full and sentenced Defendant to a 200-month sentence of imprisonment, which fell below the applicable guideline range of 235 to 293 months. (ECF No. 83.) On May 20, 2024, Defendant, proceeding *pro se*, filed the instant motion for a sentence reduction based on Amendment 821's "status point" provision, which became effective in November 2023 and applies retroactively. (ECF No. 517.)

In Part A of Amendment 821, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a person who otherwise presents 7 or more criminal history points now receives 1 status criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

Defendant is not eligible for a reduction under the amended "status point" provision.[1] Even if the Court reduced Defendant's criminal history score by 1 point, the resulting criminal history category would still be VI. Because the application of the new status point provision would not reduce Defendant's guideline range, the Court cannot reduce his sentence on that basis. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

For the foregoing reasons, the Court DENIES Defendant's motion. (ECF No. 517.)

IT IS SO ORDERED.

Date: August 23, 2024

Troy L. Nunley
United States District Judge

---

[1] Although Defendant does not argue for a sentence reduction under Amendment 821's zero-point offender provision, the Court notes that Defendant does not qualify as a zero-point offender because he was assigned criminal history points at sentencing. *See* U.S.S.G. § 4C1.1(a)(1) (requiring a defendant to show that he did not receive any criminal history points under Chapter 4, Part A).